UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
AUDLEY BARRANCO AND EUGENE MCKIE JR.,

                                **Plaintiff,**

    -against-

THE CITY OF NEW YORK and POLICE OFFICER
NICHOLAS LAGANO,

                                **Defendants.**
------------------------------------------------------------------------------x

Plaintiffs Demand
Trial by Jury

**ECF CASE
COMPLAINT**

Civil Action
**07CV3074 (BSJ)**

    Plaintiffs, Eugene Mckie Jr. and Audley Barranco, by their attorney Jonathan Strauss, for their complaint allege as follows:

### NATURE OF CLAIMS

1.     Plaintiffs seek redress pursuant to 42 U.S.C. Section 1983, et seq., for violations of rights secured by the Fourth Amendment, and by the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution.

2.     Plaintiffs also seeks redress under Article I, Section 11 of the New York State Constitution for denial of equal protection, and redress for tortuous conduct against Plaintiffs by Defendants through Negligent Hiring, Training and Supervision, False Arrest and Imprisonment, Abuse of Process, Fabrication of Evidence, Assault and Battery, and Respondeat Superior.

3.     The Plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and

      further relief as this Court deems equitable and just.

4. Due to outrageous acts of police misconduct, the Plaintiffs, both innocent men, were arrested, imprisoned for crimes that they did not commit. Defendant, Police Officer Nicholas Lagano (hereinafter "Lagano"), a Police Officer in the New York City Police Department, either intentionally or through deliberate indifference, played a pivotal role in the Plaintiffs false arrest and imprisonment..

## JURISDICTION

5. This Court is empowered by 28 U.S.C. Section 1331, 1343, 1367, 2201, and 2202, to hear and decide these claims for relief. This Court has pendent and supplemental jurisdiction over all claims asserted herein under the laws of the State of New York, pursuant to 28 U.S.C. § 1367 (A).

6. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c). All material events described in this Complaint occurred in within the confines of the Defendant City of New York, State of New York.

## JURY TRIAL DEMANDED

7. Plaintiffs demand a trial by jury on each of the claims pleaded herein.

## PARTIES

8. Plaintiff, Audley Barranco, is a U.S. citizen and a resident of the City of New York, State of New York.

9. Plaintiff, Eugene Mckie Jr., is a U.S. citizen and a resident of the City of New York, State of New York.

10. Nicholas Lagano, a Police Officer employed by the New York City Police Department, currently is assigned to the 88th Precinct, located at 298 Classon Avenue, Brooklyn, New York.

11. Police Officer Lagano is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of the City of New York.

12. Defendant, Police Officer Lagano, was at all times relevant herein acting under the direction and control of the New York City Police Department, a municipal agency of the City of New York, and was acting pursuant to either official policy, or the custom, practice and usage of the New York City Police Department, a municipal agency of the City of New York. Defendant, Police Officer Lagano, is also being sued individually.

13. At all times relevant herein, Defendant Police Officer Lagano was acting under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of New York, and the New York City Police Department, and was acting in the course and scope of his duties and functions as officer, agent, servant, and employee of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties. At all times relevant herein, he was acting for and on behalf of the New York City Police Department, with the power and authority vested in him as an officer, agent, servant and employee of the New York City Police Department, a municipal

agency of the City of New York.

## PRELIMINARY FACTS

14. Plaintiffs have complied with all conditions precedent to commencing this action and, in particular, on or about February 5th, 2007, within ninety (90) days after the claim upon which this action is based, Plaintiffs duly served upon the Defendants a Notice of Claim pursuant to and in full compliance with the provisions of § 50-e of the New York State General Municipal Law.

15. More than thirty (30) days have elapsed since the service of the Notice of Claim and adjustment or payment thereof has been rejected or refused by the Defendants.

16. This action is being commenced within one (1) year and ninety (90) days after the happening of the event upon which this claim is based.

17. On April 13th, 2007, a statutory hearing of the Plaintiff pursuant to New York State General Municipal Law § 50-h was conducted by the Defendants.

## STATEMENT OF FACTS

18. On January 19th, 2007, at approximately 2:15 am, both Eugene Mckie Jr. and Audley Barranco were lawfully at work providing security for a club located at 46 Washington Avenue, Brooklyn, New York when they were unlawfully and without cause arrested by Defendant Police Officer Lagano.

19. The Plaintiffs were handcuffed and humiliated in front of their employer as well as the club patrons.

20. The arresting Officer, Police Officer Lagano, took it upon himself to manufacture false evidence and overlook a mountain of evidence that completely exonerated the

Plaintiffs of any wrongdoing whatsoever.

21. The Plaintiffs, despite doing absolutely nothing wrong, and with no probable cause or arrest warrant were seized at gun point while lawfully conducting the services which earn them there livelihood by Police Officer Lagano, from the New York City Police Department, and brought to the 88th precinct station house.

22. While at said precinct, the Plaintiffs "mug shots" were taken they were fingerprinted and assigned NYSID numbers which will follow them for life.

23. The Plaintiffs were charged with "GB 89 (P)" under Docket numbers 2007KN005341 and 2007KN005342 respectively, and arraigned on January 20th, 2007, before the Honorable Ruth Smith. A copy of the Complaint is annexed hereto as exhibit A.

24. During the aforementioned arraignment the Kings County District Attorneys Office, who represented by ADA Robert Renzulli, conceded that the Plaintiffs possessed the necessary and required New York State Security Licences to lawfully work as Security.

25. Furthermore, since there was no basis for their arrest the Kings County District Attorneys Office, who was represented by ADA Robert Renzulli, moved immediately to dismiss the charges against the Plaintiffs. A copy of the minutes from that proceeding is annexed hereto as exhibit B.

26. On January 20th, 2007, the charges against the Plaintiffs were completely dismissed and sealed against the Plaintiffs. A copy of certificates of disposition are annexed hereto as exhibits C and D respectively.

27. The conduct of the Defendants in falsely arresting; detaining, imprisoning and

        fabricating evidence proximately caused Plaintiffs serious and permanent emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

28. All conduct of the Defendants herein was gross, willful, wanton, intentional, purposeful, and reckless, negligent and careless.

29. Defendant NYC is additionally liable under the legal principle of Respondent Superior, in that Defendant Police Officer Nicholas Lagano was on duty and was acting in the course and scope of his duties and employment as a New York City Police Officer during the false arrest and unlawful detention upon the Plaintiffs.

## FIRST CLAIM FOR RELIEF
## 42 U.S.C. 1983

30. Plaintiffs repeat and reallege every assertion contained in paragraphs "1" through "29" of this Complaint as if recited at length herein.

31. By the aforesaid acts, Defendants have violated Plaintiffs right to the equal protection of laws under the Fourteenth Amendment to the United States Constitution, thereby giving rise to a cause of action pursuant to 43 U.S.C. 1983.

32. The conduct and actions of Defendant Lagano, and Defendant NYC, acting under color of law, in falsely arresting, detaining, and incarcerating Plaintiffs was done intentionally, maliciously and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering in violation of the Plaintiffs Constitutional rights as guaranteed under 42 U.S.C. 1983, et seq., deprived the Plaintiffs of their rights including, but not limited to, their rights under the First Amendment guaranteeing protection against unlawful

        seizure of his person, the Fifth and Fourteenth Amendments guaranteeing due process and equal protection under the law, and the Eighth Amendment guaranteeing protection from cruel and unusual punishment, and Title 42 U.S.C. 1983, et seq.

33. By reason of the Constitutional violations by Defendants, Plaintiffs have been damaged as set forth above.

## SECOND CLAIM FOR RELIEF
## New York Constitution Art. I, 11

34. Plaintiffs repeat and reallege every assertion contained in paragraphs "1" through "34" of this complaint as if recited at length herein.

35. By the aforesaid acts, Defendants have violated Plaintiffs right to the equal protection laws under Article I, 11 of the New York State Constitution, thereby giving rise to cause of action pursuant to that Article.

36. The conduct and actions of Defendant Lagano, and Defendant NYC, acting under color of law, in falsely arresting, detaining, and imprisoning Plaintiffs, was done intentionally, maliciously and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering in violation of the Plaintiffs Constitutional rights as guaranteed under law and Constitution of the State of New York.  The above-described actions and omissions engaged in under color of state law by the Defendants, including Defendant NYC, sued as a person within the meaning of Article I, 11, deprived the Plaintiffs of rights, including but not limited to, his rights under Article I, 8,9 guaranteeing freedom of expression and association, Article I, 12 guaranteeing protection against

unlawful seizure of his person, Article I, 11 guaranteeing due process and equal protection under the law, and Article I, 15 guaranteeing protection from cruel and unusual punishment.

37. By reason of the Constitutional violations by Defendants, Plaintiffs have been damaged as set forth above.

## THIRD CLAIM FOR RELIEF
### Negligent Hiring, Training and Supervision

38. Plaintiffs repeat and reallege every assertion contained in paragraphs "1" through "37" of this Complaint as if recited at length herein.

39. The above-described injuries suffered by the Plaintiffs are the proximate result of the negligence of the Defendant NYCPD, in that the Defendant NYC, and NYCPD failed to exercise reasonable care in the hiring, employment, supervision, and training of its employees.

40. The Defendant NYC, and NYCPD had, or should have had, knowledge of the untruthful tendencies of its employees, including Defendant Officer Lagano. Defendant NYC, and NYCPD knew or should have known of the unlawful actions of Officer Lagano through actual and constructive notice of his unlawful activities, including but not limited to those allegations as set forth in the preceding paragraphs above. Defendants NYC, and NYCPD failed to exercise reasonable care by retaining and not terminating the employment of Defendant Officer Lagano or taking other appropriate corrective action. The occurrences complained of herein were due to the negligence and recklessness of the Defendant NYC, and NYCPD.

41. By reason of the tortuous conduct of Defendants, Plaintiffs have been damaged as set

forth above.

## FOURTH CLAIM FOR RELIEF
### False Arrest and Imprisonment

42. Plaintiffs repeat and reallege every assertion contained in paragraphs "1" through "41" of this Complaint as if recited at length herein.

43. By the aforesaid acts, Defendants have unlawfully and unjustifiably arrested and detained Plaintiffs without any lawful cause whatsoever. Defendants acted willfully, unlawfully, maliciously, recklessly, and negligently in arresting and detaining Plaintiffs, despite Plaintiffs innocence, and utilized the criminal justice system to prosecute Plaintiffs in order to cover up the wrongful conduct of Officer Lagano.

44. The Defendants tortuous conduct, as set forth above herein, directly resulted in the Plaintiffs being wrongfully imprisoned for over 24 hours.

45. By reason of the Defendants tortuous conduct, Plaintiffs have been damaged as set forth above.

WHEREFORE, Plaintiffs Eugene Mckie Jr. and Audley Barranco, respectfully request judgment upon all causes of action against Defendants as follows:

With respect to Defendant The City of New York:

(a) declaratory judgment declaring that Defendant NYC has violated the aforesaid statutes and constitutions;

(b) restitution to Plaintiffs of their rights, privileges, benefits and income which would have been received by them but for the Defendants' unlawful, wrongful, tortuous, and unconstitutional conduct;

(c) compensatory damages in an amount to be determined by the court and jury;

  (d)  punitive damages in an amount to be determined by the court and jury;

  (e)  reasonable attorney's fees, disbursements and costs of this action, pursuant to 42 U.S.C. Section 1998;

  (f)  All legal and statutory interest on sums awarded;

  (g)  such other and further relief as this honorable court may deem just, proper and equitable.

  2.  With respect to Defendant Nicholas Lagano:

  (a)  declaratory judgment declaring that Defendant has violated the aforesaid statutes and constitutions;

  (b)  restitution to Plaintiffs of their rights, privileges, benefits and income which would have been received by them but for Defendants' unlawful, wrongful tortuous, and unconstitutional conduct;

  (c)  compensatory damages in an amount to be determined by the court and jury;

  (d)  punitive damages in an amount to be determined by the court and jury;

  (e)  reasonable attorney's fees, disbursements and costs of this action, pursuant to 42 U.S.C. Section 1998;

  (f)  All legal and statutory interest on sums awarded.

DATED:  New York, New York
      April 16th, 2007

                     _____
                       JONATHAN STRAUSS (JS-4724)
                       233 BROADWAY, SUITE 900
                       NEW YORK, NEW YORK 10279
                       212-792-7948