UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

AUDLEY BARRANCO AND EUGENE MCKIE JR.,

                                  Plaintiffs,

             -against-

THE CITY OF NEW YORK and POLICE OFFICER
NICHOLAS LAGANO,

                                  Defendants.

**ANSWER**

07 CV 3074
(BSJ)(GWG)

JURY TRIAL
DEMANDED

------------------------------------------------------------------------x

        Defendants City of New York and Nicholas Lagano, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege upon information and belief, as follows:

        1.    Deny the allegations set forth in Paragraph "1" of the complaint, except admit that plaintiffs purport to bring this action as stated therein.

        2.    Deny the allegations set forth in Paragraph "2" of the complaint, except admit that plaintiffs purport to bring this action as stated therein.

        3.    Deny the allegations set forth in Paragraph "3" of the complaint, except admit that plaintiffs purport to seek relief as stated therein.

        4.    Deny the allegations set forth in Paragraph "4" of the complaint.

        5.    Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

        6.    Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiffs purport to lay venue as stated therein.

7. Paragraph "7" of the complaint sets forth conclusions of law, rather than averments of fact, and, accordingly, no response is required.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Nicholas Lagano is employed by the City of New York as a police officer.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that Nicholas Lagano is employed by the City of New York as a police officer.

12. Paragraph "12" of the complaint sets forth conclusions of law, rather than averments of fact, and, accordingly, no response is required. To the extent a response is required, defendants deny the allegations of paragraph "12" of the complaint, except admit that plaintiff purports to proceed as stated therein.

13. Paragraph "13" of the complaint sets forth conclusions of law, rather than averments of fact, and, accordingly, no response is required.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that the alleged claims purportedly brought by Audley Barranco have not been adjusted.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that plaintiffs were arrested on or about January 19, 2007.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "22" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "23" of the complaint.

24. Deny the allegations in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "25" of the complaint, except admit that the documents attached as Exhibit B to the complaint states that the case against plaintiffs was dismissed and sealed.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "26" of the complaint, except admit that the documents attached as Exhibit C and Exhibit D to the complaint states that the case against "Eugene Mckie" and "Audley Baiianco" was dismissed and sealed.

27. Deny the allegations in paragraph "27" of the complaint.

28. Deny the allegations in paragraph "28" of the complaint.

29. Deny the allegations in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

31. Deny the allegations in paragraph "31" of the complaint.

32. Deny the allegations in paragraph "32" of the complaint.

33. Deny the allegations in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

35. Deny the allegations in paragraph "35" of the complaint.

36. Deny the allegations in paragraph "36" of the complaint.

37. Deny the allegations in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

39. Deny the allegations in paragraph "39" of the complaint.

40. Deny the allegations in paragraph "40" of the complaint.

41. Deny the allegations in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

43. Deny the allegations in paragraph "43" of the complaint.

44. Deny the allegations in paragraph "44" of the complaint.

45. Deny the allegations in paragraph "45" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

46. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

47. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

48. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or that of a third party and was not the proximate result of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

49. Plaintiffs cannot obtain punitive damages as against the City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

50. This action may be barred, in whole or in part, for plaintiffs' failure to comply with New York General Municipal Law § 50-e.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

51. At all times relevant to acts alleged in the complaints, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

52. At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion. Consequently, defendant City of New York is entitled to governmental immunity.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

53. Plaintiff may have failed to comply with the conditions precedent to suit.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

54. There was probable cause for the plaintiff's arrest, detention, and prosecution.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

55. Defendant Nicholas Lagano has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

56. Venue is improperly laid in this district.

**WHEREFORE**, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 9, 2007

                MICHAEL A. CARDOZO
                Corporation Counsel of the
                  City of New York
                *Attorney for Defendants City of New York and Lagano*
                100 Church Street, Room 3-188
                New York, New York 10007
                (212) 788-1816

By: _____
     GABRIEL P. HARVIS (GH2772)
     Assistant Corporation Counsel

TO: Jonathan Strauss, Esq. (By ECF & Mail)
     *Attorney for Plaintiffs*
     233 Broadway, Suite 900
     New York, New York 10279

## DECLARATION OF SERVICE BY MAIL

I, GABRIEL P. HARVIS, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on July 9, 2007, I caused to be served the **ANSWER**, upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney at the address set forth below, being the address designated by said attorney for that purpose:

TO: Jonathan Strauss, Esq.
*Attorney for Plaintiffs*
233 Broadway, Suite 900
New York, New York 10279

Dated: New York, New York
July 9, 2007

_____
GABRIEL P. HARVIS

Index No. 07 CV 3074 (BSJ)(GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AUDLEY BARRANCO AND EUGENE MCKIE JR.,

                                      Plaintiffs,

-against-

THE CITY OF NEW YORK and POLICE OFFICER NICHOLAS LAGANO,

                                      Defendants.

## ANSWER

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street Rm 3-188
New York, N.Y. 10007

*Of Counsel: Gabriel P. Harvis*
*Tel: (212) 788-1816*
*NYCLIS No. 2007013506*

*Due and timely service is hereby admitted.*

*New York, N.Y. .........................., 2007 . . .*

*....................................................Esq.*

*Attorney for...............................................*